IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JARED PECHT, | ) FILED: MAY 6, 2009 |
| | ) 09CV2783 |
| Plaintiff, | ) JUDGE MANNING |
| | ) MAGISTRATE JUDGE ASHMAN |
| vs. | ) AO |
| | ) |
| NCO FINANCIAL SYSTEMS, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Jared Pecht brings this action to secure redress from unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The Illinois Collection Agency Act reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

1

4. The TCPA prohibits the abusive use of the telecommunications system. One practice that is prohibited is the placing of messages to cell phones using automated dialers or a prerecorded voice, without the consent of the recipient.

## VENUE AND JURISDICTION

5. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

6. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant transacts business within this District.

## PARTIES

7. Plaintiff Jared Pecht is an individual who resides in the Northern District of Illinois.

8. Defendant NCO Financial Systems, Inc. is a Pennsylvania corporation with principal offices in Pennsylvania. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

9. NCO Financial Systems, Inc. is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10. NCO Financial Systems, Inc. is a collection agency subject to the ICAA and holds a license as such.

11. NCO Financial Systems, Inc. is a debt collector under the FDCPA.

12. NCO Financial Systems, Inc. is a licensee under the ICAA.

## FACTS

13. Defendant has been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

14. On approximately 25 occasions during the first several months of 2009,

defendant left the following automated message on a voicemail associated with plaintiff's cellphone:

> **This is an important message for NCO Financial Systems, Inc., the law requires that we notify you that this is a collection company this is an attempt to collect a debt and any information obtain will be used for that purpose. Please call us back today at 888-579-0626 once again the number is 888-579-0626.**

15. On at least one occasion, the message was overheard by plaintiff's girlfriend. Plaintiff was not able to access his messages and she did so.

16. Defendant had no means of knowing who had access to or used the voicemail in question.

17. Plaintiff called back and informed defendant that it was calling the plaintiff's cell phone and that doing so cost plaintiff money. Plaintiff asked defendant not to place such calls.

18. Plaintiff continued receiving the automated calls.

19. Plaintiff was annoyed, harassed, and suffered financial detriment from defendant's calls.

## COUNT I – FDCPA

20. Plaintiff incorporates paragraphs 1-18.

21. Defendant's telephone message was a "communication" within the meaning of 15 U.S.C. §1692c. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

22. The telephone message violated 15 U.S.C. §1692c because it was communicated to a third person.

23. Section 1692c provides:

> **§ 1692c.    Communication in connection with debt collection [Section 805 of P.L.]**
>
> **. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**
>
> **(d) Definitions--For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory damages;

(2) Actual damages;

(3) Attorney's fees, litigation expenses and costs of suit;

(4) Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

24. Plaintiff incorporates paragraphs 1-18.

25. Defendant violated the following provisions of 225 ILCS 425/9:

> **. . . (17) Disclosing or threatening to disclose information relating to a debtor's indebtedness to any other person except where such other person has a legitimate business need for the information or except where such disclosure is regulated by law. . . .**

26. Defendant violated the following provisions of 225 ILCS 425/9.2:

> **225 ILCS 425/9.2.  (Effective January 1, 2008) Communication in connection with debt collection**
>
> **Sec. 9.2. . .  (b) Except as provided in Section 9.1 of this Act [225-425/9.1], without the prior consent of the debtor given directly to the debt collector or collection agency or the express permission of a court of competent**

> **jurisdiction or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector or collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor, the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency. . . .**
>
> **(d) For the purposes of this Section, "debtor" includes the debtor's spouse, parent (if the debtor is a minor), guardian, executor, or administrator.**

27. A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic</u>, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    (1) Compensatory and punitive damages;

    (2) Costs.

    (3) Such other and further relief as is appropriate.

## COUNT III – TELEPHONE CONSUMER PROTECTION ACT

28. Plaintiff incorporates paragraphs 1-18.

29. Defendant placed at least 2 automated calls to plaintiff's cell phone after plaintiff informed defendant that he objected to such calls.

30. Defendant willingly and/or knowingly violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and the regulations related thereto, by using an automatic dialer and a prerecorded voice to call plaintiff's cell phone without his consent.

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    (1) Statutory damages of $1500 per unconsented call, pursuant to 47 U.S.C §227(b).

    (2) Costs of suit;

    (3) Such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A.Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)